RECEIVED BY MAIL
JAN 1 2 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA
26-cv-201-NEB/LIB

ΑO 241
(Rev. 10/07)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Minnesota - Second |
|---|---|
| Name (under which you were convicted): Pharoah Gerald Ashley | Docket or Case No.: A23-1498 |
| Place of Confinement: MCF - Faribault | Prisoner No.: 214104 |
| Petitioner (include the name under which you were convicted) Pharoah Ashley | Respondent (authorized person having custody of petitioner) v. Tracy Beltz |
| The Attorney General of the State of Kieth Ellison | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Ramsey County Courthouse
   15 W. Kellog St. Paul, MN
   (b) Criminal docket or case number (if you know): 62-CR-22-7019

2. (a) Date of the judgment of conviction (if you know): 4-7-2023
   (b) Date of sentencing: 7-11-2023

3. Length of sentence: 203 Months

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   2nd Deg. Attempted Murder
   2nd Deg. Assult (Fear)
   Possesion of Firearm
   Possesion of Ammo.

SCANNED
JAN 1 2 2026
U.S. DISTRICT COURT MPLS

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

AO 241 (Rev. 10/07)                                                                                                  Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?




(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:
(a) Name of court: Minn. Ct. of Appeals
(b) Docket or case number (if you know): A23-1498
(c) Result: Affirmed
(d) Date of result (if you know): 10-20-2025
(e) Citation to the case (if you know):
(f) Grounds raised:

Lawyer
Inofective Counsel
Suficency of evidence

Pro Se'
Improper admitted evid.
Napue + Giglio violation
6th Amend. Fair trial (impartial Jury)
6th Amend. Fair trial (cumulative effect)

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:
(1) Name of court: Minn. Supreme Ct.
(2) Docket or case number (if you know):
(3) Result: 7 Lawyer's petition was very lackluster
Denied • on my strongest issue. Napue + Giglio
                                    Refused to raise?
(4) Date of result (if you know):
12-31-2025

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised: Innofective Counsel
Napue + Giglio violation
Brady v. Maryland

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Ramsey Co. Dist. Ct.
(2) Docket or case number (if you know): 62-CR-22-7019
(3) Date of filing (if you know): 4-29-2024
(4) Nature of the proceeding: Post Conviction
(5) Grounds raised:

Lawyer
Innofective Counsel

Pro se'
Napue + Giglio violation
6th Amend (impartial Jury)
Brady violation

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes   ☐ No

(7) Result: No relief

(8) Date of result (if you know): 1-21-2025

AO 241 (Rev. 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☑ Yes  ☐ No
(2) Second petition:  ☐ Yes  ☐ No
(3) Third petition:  ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Giglio v. United States, 405 U.S. 150 (1972) Napue v. Illinois, 360 U.S. 264 (1959)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

By Failing to correct its primary witness false sobriety claim, the prosecution permitted the Jury to recieve a material misleading impression of the witness's reliability and truthfulness.

※ Included, Memorandum of Law.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed:

Ramsey Co. Courthouse

Docket or case number (if you know): 62-CR-22-7019

Date of the court's decision: 1-21-2025

Result (attach a copy of the court's opinion or order, if available):

Judge Kellie Charles said my Pro se argument was improper

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Minn. Ct. of Appeals

Docket or case number (if you know): A23-1498

Date of the court's decision: 10-20-2025

Result (attach a copy of the court's opinion or order, if available): Affirmed x Attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** 6th Amendment Fair trial (Impartial Jury)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Witness's outburst and threats were done to manipulate and inflame the Predjudices and passions of the Jury. * Curitive instruction is suposed to happen promptly, not 3 days later to allow the inflamitory threats, racial slurs and comments fester in the Jurys minds.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed:
Ramsey Co. Courthouse

Docket or case number (if you know): 62-CR-22-7019

Date of the court's decision: 1-21-2025

AO 241 (Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Minn. Ct. of Appeals

Docket or case number (if you know): A23-1498

Date of the court's decision: 10-20-2025

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Brady v. Maryland, 373 U.S. 83 (1963)
18 U.S.C. 2703 "Stored Communication Act"
4th Amend. - Search & Siecure
5th + 14 Amend. Due Process

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Not disclosing exculpatory cell tower info obtained by a warrant in the pre-trial discovery process violates Due Process and the 4th Amendment (Bad Faith)

AO 241
(Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed:

Ramsey Co. Courthouse

Docket or case number (if you know): 62-CR-22-7019

Date of the court's decision: 1-21-2025

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Minn. Ct. of Appeals

Docket or case number (if you know): A23-1498

Date of the court's decision: 10-20-2025

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** 6th Amendment - Fair trial (Cumulative Effect)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Fundamentally unfair trial
*See Pro Se' brief

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No  Decided + Denied 12-31-25

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. Minn. Supreme Ct. A23-1498

AO 241 (Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: Kristy Longly

(d) At sentencing: Joesph Vaccaro

(e) On appeal: Anders Erickson

(f) In any post-conviction proceeding: Anders Erickson

(g) On appeal from any ruling against you in a post-conviction proceeding:
Anders Erickson

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 10/07)                                                                                                    Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Reverse + Remand For A new Trial.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  _1-8-26_  (month, date, year).

Executed (signed) on  _1-8-26_  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. To start your § 2254 action, you must pay the $5.00 filing fee or submit a completed Application to Proceed in District Court without Prepaying Fees or Costs form, including the certificate signed by an officer at the institution where you are confined. You may obtain the Application to Proceed in District Court without Prepaying Fees or Costs form by contacting the Clerk's Office.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the signed original to the following address:

   United States District Court, District of Minnesota Clerk's Office
   U.S. Courthouse
   300 South Fourth Street, Suite 202
   Minneapolis, MN 55415

   (612) 664-5000

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred presenting additional grounds at a later date.